**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**DEMETRIUS CURTIS,**                                                                                           **PLAINTIFF**

**v.**                                  **Case No. 2:09-cv-00097-JLH-JJV**

**RONNIE WHITE, Sheriff
Phillips County;** *et. al.*                                                                                  **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, Demetrius Curtis, filed a *pro se* 42 U.S.C. § 1983 action against Defendants; Ronnie White, Sheriff of Phillips County, Arkansas; and Robert Blake, Assistant Jail Administrator of the Phillips County Jail. Curtis is suing Defendants individually and in their official capacities and asserts they violated his constitutional right to due process by detaining him for ten days before allowing him to appear before a judge. Defendants argue they are entitled to qualified immunity and have moved for summary judgment (Doc. No. 60).

The Court held an Evidentiary Hearing on December 1, 2010. Upon viewing the evidence presented at the hearing, the Court finds that Curtis's constitutional right to due process was violated and that Defendants are individually and officially liable for the violation.

**I.    FACTS**

The following facts were established at the Evidentiary Hearing. On March 5, 2008, Curtis was arrested, pursuant to an "order for incarceration" issued by the Phillips County, Arkansas, Circuit Court, for failure to pay child support. The order stated that Plaintiff could either serve ninety days in jail or pay $1,000 to purge his contempt. Curtis's girlfriend arrived to post his bond on March 7, 2008. Curtis was escorted from the jail by an officer to the Sheriff's office. When the officer was unable to locate Curtis's bond papers, the officer got upset with Curtis. This lead to an argument between Curtis and the officer. As a result, Curtis was taken back to the booking room and placed in a cell. After sitting in the cell for ten to eleven hours, Curtis stated he needed to use

the bathroom. He started beating on the plexiglass in the cell to get someone's attention. His beating on the plexiglass caused it to break and Curtis says he then left the cell and went to the bathroom. Afterwards, Curtis went to the control-room and asked the officers on duty if he could use the phone to call the Arkansas State Police and stated that he was being held against his will. (Defs.' Hrg. Ex. 5).

Curtis was placed back in the cell in the booking room and was informed that, due to his actions, he would be charged. On March 10, 2008, two warrants were issued. (Defs.' Hrg. Ex. 6). The first charge alleged Curtis had committed criminal mischief in the first degree; the second charge alleged he had committed escape in the first degree. (*Id.*). Curtis had his first appearance before a judge on March 20, 2008. He bonded out on March 24, 2008. During the ten-day period he was incarcerated and waiting to go to court, Curtis says he repeatedly asked Defendant Blake if he could be released from jail. Plaintiff testified, "each day I'm asking them, well, 'Am I going to get a bond? Am I going to go to court?'" (December 1, 2010, Evid. Hrg. Tr. at 9:48).

Sheriff White testified that he has served as Phillips County Sheriff for ten years. (*Id.* at 9:54). He said he had no recollection of Mr. Curtis or his being held ten days without an initial appearance. (*Id.*). He testified, "We try to follow the law and provide a Rule 8 for an inmate within the seventy-two hours excluding weekends and the holidays." (*Id.*). When asked why this did not happen for Mr. Curtis, he responded, "We had a problem getting in touch with a judge." (*Id.* at 9:55). Sheriff White explained that the jail has no formal written policy to ensure detainees are brought to court within 72 hours of being charged, but that his jailers know the state law that imposes such a requirement. (*Id.* at 9:56) He stated, "I don't have a written policy. . . it's just state law and we try to abide by it." (*Id.*) He explained that they use two different judges and, while they regularly hold court on Thursday and Friday, they try to get individuals to court "before then." (*Id.* at 9:58). This Court noted that Curtis was charged on a Monday and asked Sheriff White why he

was not taken to court on that following Thursday or Friday. Sheriff White answered, "I don't know. I didn't know anything about any of this until this lawsuit was filed." (*Id.*)

Defendant Blake testified that he had no recollection of Plaintiff sitting in jail for so long without being brought to court. He disagreed with Plaintiff's accounts that Plaintiff had contacted him seeking an opportunity for bail.

## II.   ANALYSIS

### A.   Exhaustion

Defendants argue that Curtis failed to file any grievances and that his claims should be barred for failure to exhaust his administrative remedies. Exhaustion of administrative remedies is mandatory and the failure to do so can be fatal to a claim. *See McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004); *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003).

Curtis testified his request for a grievance form went ignored by Defendants and he was denied his right to pursue an administrative remedy. Failure to exhaust is an affirmative defense and Defendants presented no evidence to counter Plaintiff's contention. Thus, the Court finds that an administrative remedy was unavailable to Curtis and his claims are not barred. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

### B.   Constitutional Violation

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the deprivation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Lund v. Hennepin County*, 427 F.3d 1123, 1125 (8th Cir. 2005). "The issue [now before the Court] is a pretrial detainee's right to a prompt appearance in court, after arrest by warrant. The Due Process Clause of the Fourteenth Amendment controls." *Hayes v. Faulkner County, Arkansas*, 388 F.3d 669, 673

(8th Cir. 2004).

To resolve the question of whether Curtis's extended detention was a violation of his constitutional right to due process, the court looks at the totality of the circumstances and considers: (1) whether the Due Process Clause prohibits the alleged deprivation of rights; (2) whether the defendants' conduct offends the standards of substantive due process; and (3) whether the totality of the circumstances shocks the court's conscious. *See Luckes v. County of Hennepin, MN*, 415 F.3d 936, 939 (8th Cir. 2005); *Hayes v. Faulkner County, AR*, 388 F.3d 669, 675 (8th Cir. 2004).

The United States Court of Appeals for the Eighth Circuit has held that the Due Process Clause forbids an extended detention, without a first appearance, following arrest by warrant. *See Hayes*, 388 F.3d at 673. Conduct will offend the standards of substantive due process when there is a showing of deliberate indifference to the inmate's constitutional rights. *See Luckes*, 415 F.3d at 939-40; *Hayes*, 388 F.3d at 674; *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). "Liability for deliberate indifference to inmate welfare rests upon the luxury enjoyed by prison officials of having time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations." *Hayes*, 388 F.3d at 674 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 853 (1998)).

Defendants do not dispute that the Due Process Clause required Plaintiff be promptly seen by the court and their failure to arrange his court appearance for ten days offends the standards of substantive due process. However, they argue that the totality of the circumstances in this case does not shock the conscious.

      **1.**    **Individual Capacity**

Rule 8.1 of the Arkansas Rules of Criminal Procedure requires that "[a]n arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay." ARK. R. CRIM. P. 8.1. Compliance with this rule is mandatory, not

discretionary, *See Hayes*, 388 F.3d at 675; *Owens v. State*, 777 S.W.2d 205, 206 (Ark. 1989), and detentions of less than ten days before an initial appearance violate this important rule. *Clay v. State*, 883 S.W.2d 822, 829 (Ark. 1994) (3 ½ days); *Duncan v. State*, 726 S.W.2d 653, 656 (Ark.1987) (3 ½ days). Thus, there is no question that Defendants violated Rule 8.1 by failing to take Curtis "before a judicial officer without unnecessary delay."

Plaintiff asserts that Defendants intentionally failed to take him before a judge in retaliation for the damage he caused while he was detained for failing to pay child support. Defendants offer little explanation, making Plaintiff's assertion plausible. However, giving careful consideration to the evidence as a whole, the Court finds that Defendants actions were not intentional but were deliberately indifferent and Sheriff White and Officer Blake are directly responsible for a climate of deliberate indifference which led to the violation of Rule 8.1.

Defendants have no policy or procedure in effect to avoid violating both state law and the United States Constitution. While Defendants explain they have a word-of-mouth policy, their verbal policy is proven ineffective. Additionally, at the Evidentiary Hearing, Defendants appeared nonchalant about their failure to take Plaintiff to court for his first appearance. "Almost every element of a 'first appearance' under state statutes or the Federal Rules of Criminal Procedure serves to enforce or give meaning to important individual rights that are either expressly granted in the Constitution or are set forth in Supreme Court precedent." *Coleman v. Frantz,* 754 F.2d 719, 724 (7th Cir. 1985).

Sheriff White's testimony reveals he was directly involved in the process of getting Curtis before a judge and that getting detainees before a judge has been an ongoing problem. He explained that his problem of "getting in touch with a judge" stems from a "feud between the two judges that I have to put up with." (December 1, 2010 Evid. Hrg. Tr. at 9:55). Although Defendants recognize a problem exists, they have not taken any concrete steps to prevent this from happening again.

Plaintiff testified that he was desperately seeking bond and asked Officer Blake several times to be brought to court. Officer Blake denied he ever spoke to Mr. Curtis about his first appearance. The Court credits Mr. Curtis's testimony on this point. While the Court does not find Officer Blake's testimony untruthful, the evidence reveals that Plaintiff fell through the cracks of a system of inattention and deliberate indifference.

Accordingly, the Court finds that, under the totality of the circumstances, Defendants' individual conduct shocks the conscious.

### 2. Official Capacity

Curtis seeks to also hold Defendants liable in their official capacity. Defendants are employees of Phillips County.

Suits against individuals in their official capacities are equivalent to claims against the entity for which they work. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims require proof that a policy or custom of the entity caused the constitutional violation. *Id.*; *see Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). After careful consideration of the evidence presented at the Evidentiary Hearing, the Court finds Defendants are liable in their official capacity. The lack of any meaningful policy created a custom of deliberate indifference by the Phillips County Jail and resulted in the denial of Curtis's due process rights. "Given the lack of procedures to alleviate this problem, it was virtually certain that some inmates would, as a result, be erroneously deprived of their liberty. The need for different procedures was so obvious that . . . refusal to take action amounted to deliberate indifference to the detainees' constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470, 1478 (9th Cir. 1992).

### C. Immunity

Defendants assert the doctrine of qualified immunity shields them from liability. Qualified immunity protects government officials from individual liability under § 1983, when their conduct

7

does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Nance v. Sammis*, 586 F.3d 604, 609 (8th Cir. 2009); *see Baribeau v. City of Minneapolis*, 596 F.3d 465, 473-74 (8th Cir. 2010). To overcome a claim of qualified immunity, a plaintiff must show that: (1) the facts, viewed in a light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a constitutional right; and (2) that the constitutional right was clearly established at the time of the violation so that a reasonable person would have known that the conduct was unlawful. *Baribeau*, 596 F.3d at 474; *Nance*, 586 F.3d at 609.

As set forth above, Defendants' conduct violated Curtis's constitutional right to due process to be taken before a judge following arrest without unnecessary delay, as prescribed by Rule 8.1 of the Arkansas Rules of Criminal Procedure. The Court must now decide if that right is clearly established. A constitutional right is clearly established when it is clear that a reasonable person would have known, in light of the information available at the time, that the conduct in question was unlawful. *Hayes v. Faulkner County, Ark.*, 388 F.3d 669, 675 (8th Cir. 2004); *Gorman* v. Bartch, 152 F.3d 907, 914 (8th Cir. 1998). The Eighth Circuit has held that a reasonable officer knows that Rule 8.1 protects basic and fundamental rights which the Arkansas and federal constitutions secure to every arrestee. *Hayes*, 388 F.3d at 675. Defendants are, therefore, not entitled to qualified immunity.

### D.     Summary Judgment

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. No. 60] should be DENIED.

## III.   DAMAGES

The Court finds that Curtis is entitled to recover damages for Defendants' violation of his constitutional rights. Based on the evidence presented at the hearing, the Court concludes that Plaintiff should be awarded damages in the amount of $100 for each day he was held in custody

without being brought to court. Plaintiff was held for ten days; thus, Plaintiff should be awarded $1,000 from Defendants. The Court awards Plaintiff $100 a day based on his testimony that he was earning approximately $300 to $400 a day operating a restaurant. The Court finds that his stated daily earnings should be offset by his overhead, and that $100 a day accurately reflects the daily earnings he lost each day while unconstitutionally incarcerated.

### IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Defendant Robert Blake is listed simply as "Blair, Assistant Administrator, Phillips County Jail." The Clerk of the Court is directed to correct the style of the case to reflect that "Robert Blake, Assistant Administrator, Phillips County Jail" is the proper defendant.

2. Defendants' summary judgment motion (Doc. No. 60) should be DENIED.

3. Defendants violated Plaintiff's constitutional rights. Judgment should be entered for Plaintiff and Defendants should be held liable to Plaintiff for damages of $1,000.

DATED this 17th day of December, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE